UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:25-CR-00086-GFVT-MAS

UNITED STATES OF AMERICA                              PLAINTIFF

V.                                **PLEA AGREEMENT**

LAURANCE D. NEWBY                                  DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 4 of the Indictment, charging a violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute 400 grams or more of a mixture or substance containing fentanyl, and Count 6, charging possession of a firearm in furtherance of a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1)(A). Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 1 through 3 and Count 5. The Defendant reserves the right to appeal the District Court's determination that officers had reasonable suspicion to stop and frisk him for weapons and probable cause to arrest him without a warrant. [*See* R. 51: Opinion and Order.] If he prevails on the appeal of the denial of his motion to suppress, he may then withdraw his guilty plea.

2. The essential elements of Count 4 are:

    (a)     that the Defendant possessed a mixture or substance containing a detectable amount of fentanyl, a Schedule II controlled substance under federal law,

(b) that the Defendant intended to distribute the controlled substance to another person; and

(c) the amount attributable to the Defendant is 400 grams or more of fentanyl.

3. As to Counts 4 and 6, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On December 9, 2024, in Fayette County, in the Eastern District of Kentucky, Kentucky State Police utilizing a confidential informant arranged, via recorded phone calls, the purchase of 53.9 grams of fentanyl from the Defendant in Lexington, Kentucky.

(b) On March 20, 2025, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 55.98 grams of fentanyl from the Defendant in Paris, Bourbon County, in the Eastern District of Kentucky.

(c) On June 9, 2025, law enforcement utilizing a confidential informant arranged, via recorded phone calls, the purchase of 55.9 grams of fentanyl from the Defendant in Lexington, Kentucky.

(d) On June 25, 2025, law enforcement officers were conducting surveillance in Lexington, Kentucky. A trained drug-detection dog conducted an open-air sniff of the Defendant's parked vehicle and gave a positive alert for the odor of a controlled substance. Officers approached the Defendant while he was away from his vehicle. The Defendant fled on foot and was apprehended a short distance away. A subsequent search of the vehicle resulted in the recovery of a backpack containing a Glock 26 firearm and 996.496 grams of cocaine from the rear passenger area, and in the trunk was approximately 439.8 grams of a fentanyl mixture.

(e) The Defendant admits that he intended to distribute the controlled substances located in the vehicle he was driving on June 25, 2025. He further admits that the United States could prove that the firearm was loaded, located in close proximity to the controlled substance with easy access, and is generally associated with drug trafficking.

(f) The recovered drugs were submitted to the DEA and KSP labs for testing and were determined to contain the controlled substances and amounts identified above.

4. The statutory punishment for Count 4 is imprisonment for not less than 10 years, a fine of not more than $5,000,000, and a term of supervised release of not less than 5 years. The statutory punishment for Count 6 is imprisonment for not less than 5 years, in addition to the punishment imposed for Count 4. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the sentencing.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) United States Sentencing Guidelines (U.S.S.G.), November 1, 2025, manual, will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in Paragraph 3 above and the discovery materials provided to the Defendant.

(c) Pursuant to U.S.S.G. § 2D1.1(c)(8), the base offense level is 30, based on a converted drug weight of at least 1000kg and less than 3000kg.

(d) Pursuant to U.S.S.G. § 2K2.4(b), the guideline sentence for Count 6 is the minimum term of imprisonment required by statute.

(e) The parties agree to disagree as to the application of U.S.S.G. § 2D1.1(b)(12), increase of the offense level 2 levels for maintaining a premises for the distribution of a controlled substance.

(f) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level

determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

8. With the exception of the Defendant's right to appeal the District Court's denial of his motion to suppress, the Defendant waives the right to appeal the guilty plea, conviction, and sentence. The Defendant waives the right to appeal the guilty plea and conviction. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea and conviction. The Defendant retains the right to appeal the sentence.

9. The Defendant consents to the forfeiture to the United States, by administrative or judicial proceedings, of all right, title, and interest in the property listed in the forfeiture allegation of the Indictment. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offenses to which he is pleading guilty, as set forth in the forfeiture allegation of the Indictment. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2, and agrees take any steps necessary to assist the government in effectuating the surrender and forfeiture of the assets identified herein, including but not limited to

executing any documents necessary for the surrender and transfer of title to the United States. The Defendant agrees not to file a claim or petition seeking remission or otherwise contesting the forfeiture of the assets identified herein in any administrative or judicial proceeding, or to assist any other person or entity with doing so, and agrees to withdraw, and hereby withdraws, any such claim or petition that he/she already has submitted. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy.

10. The Defendant abandons any interest in, and consents to the official use, destruction, or other disposition of, any item obtained by any law enforcement agency during the course of the investigation, unless an item is specifically provided for in another provision of this Agreement. The Defendant also waives any notice of a proceeding to implement the official use, destruction, or other disposition of any item abandoned under this paragraph.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

PAUL C. McCAFFREY
ACTING UNITED STATES ATTORNEY

Date: 12/3/25   By: _____
Ronald L. Walker Jr.
Assistant United States Attorney

Date: 12/3/25
Laurance D. Newby
Defendant

Date: 2-4-2025
Richard Weston
Attorney for Defendant